UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

December 19, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Valerie S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-0916-BAH

Dear Counsel:

On April 14, 2022, Plaintiff Valerie S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 10, the parties' cross-motions for summary judgment, ECFs 18 and 20, and Plaintiff's motion for remand,[1] ECF 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both of Plaintiff's motions, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I. **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on February 8, 2018. Tr. 312–17. Plaintiff's claim was denied initially and on reconsideration. Tr. 151–54, 158–59. On February 4, 2020, an Administrative Law Judge ("ALJ") held a hearing, Tr. 70–102, and, on March 20, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 127–44. The Appeals Council ("AC") remanded the case back to the ALJ on October 28, 2020, to "[g]ive further consideration to the claimant's maximum residual functional capacity," "provide appropriate rationale with specific references to evidence of record in support of the assessed limitations," and, "[i]f warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base." Tr. 145–50. Another hearing was held on March 4, 2021, Tr. 39–69, and, on May 4, 2021, the ALJ again found

---

[1] Plaintiff's motion for remand, ECF 17, appears to be the exact same document as that filed as Plaintiff's motion for summary judgment, ECF 18. As such, the analysis herein pertains to both motions, though only the motion for summary judgment is cited.

[2] 42 U.S.C. §§ 301 et seq.

Plaintiff not disabled, Tr. 7–33.  This time, the AC denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 8, 2018, the application date."  Tr. 13.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine, asthma, diverticulitis/inflammatory bowel [IBS] disease, dysfunction of a major [right knee] joint, bilateral Achilles tendinitis, obesity, post-traumatic stress [PTSD] disorder, depression and anxiety."  Tr. 13.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "hypertension, hyperlipidemia, hernia, left eye implant, diabetes mellitus and bilateral carpal tunnel surgery."  Tr. 14.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 14.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 416.967(c) except frequently able to climb ramps or stairs; never able to climb ladders, ropes or scaffolds. Occasionally able to balance, stoop, kneel, crouch or crawl. Limited to frequent use of the right lower extremity for pushing or pulling or operation of foot controls. Limited to occasional use of the left lower extremity for pushing or pulling or operation of foot controls. Avoid concentrated exposure to extreme heat, humid conditions, fumes, odors, dusts, gases or other environmental irritants. Avoid work at unprotected heights. Able to carry out simple instructions and routine, repetitive tasks. Avoid work requiring high-production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). Able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off-task can be accommodated with normal breaks. Occasionally able to change activities or work settings during the workday without being disruptive. Occasionally able to deal

with changes in a routine work setting.

Tr. 19.  The ALJ determined that Plaintiff has no past relevant work but could perform other jobs that existed in significant numbers in the national economy such as linen room attendant (DOT# 222.387-030),[3] rack loader (DOT# 590.687-018), or day worker (DOT# 301.687-014).  Tr. 26–27.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 27.

### III.   LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."").  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Laws*, 368 F.2d at 642.  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

Plaintiff raises one argument on appeal, specifically that the ALJ erroneously evaluated Plaintiff's subjective complaints of pain.  ECF 18-1, at 7–10.  Defendant counters that the ALJ's decision was based on substantial evidence and that the ALJ's symptoms analysis complied with

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Valerie S. v. Kijakazi*
Civil No. 22-0916-BAH
December 19, 2022
Page 4

the regulations and relevant caselaw.  ECF 20-1, at 5–10.

Plaintiff's argument that the ALJ "erred as a matter of law by improperly assessing [Plaintiff's] complaints of pain on her residual functional capacity" is not persuasive.  ECF 18-1, at 7.  In making this argument, Plaintiff relies primarily on *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1985).  ECF 18-1, at 7–8.  As Plaintiff explains, in *Walker*, the Fourth Circuit remanded where the claimant testified about experiencing pain and submitted evidence that the claimant's impairments caused that pain, but where the ALJ failed to "evaluate[] the effect of that pain on the claimant's residual functional capacity."  *Walker*, 889 F.2d at 49.  Contrary to the ALJ in *Walker*, the ALJ here did expressly evaluate and consider Plaintiff's pain documented in her medical history throughout the RFC assessment.  *See* Tr. 22–23.

Plaintiff asserts that the ALJ "contradict[ed] the Commissioner's own regulation [20 C.F.R. § 416.929(c)] and Fourth Circuit case law" by "essentially requir[ing] that [Plaintiff] produce objective evidence of the extent and degree of pain suffered."  ECF 18-1, at 8 (emphasis deleted).  The Fourth Circuit has "consistently held that 'while there must be objective medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity.'"  *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Walker*, 889 F.2d at 49).  In *Arakas*, the Fourth Circuit found that the ALJ had properly concluded that the claimant's "medically determinable impairments 'could reasonably be expected to cause some of the alleged symptoms,' thus satisfying the first step of the symptom-evaluation framework."  *Id.* at 96.  "But at the second step, the ALJ improperly discredited Arakas's statements about the severity, persistence, and limited effects of her symptoms because [the ALJ] did not find them to be 'completely consistent with the objective evidence.'"  *Id.*  (internal citations omitted).  "Because Arakas was 'entitled to rely exclusively on subjective evidence to prove' that her symptoms were 'so continuous and/or so severe that [they] prevent[ed] [her] from working a full eight hour day,' the ALJ 'applied an incorrect legal standard' in discrediting her complaints based on the lack of objective evidence corroborating them."  *Id.* (alterations in original) (quoting *Hines v. Barnhart*, 453 F.3d 559, 563, 565 (4th Cir. 2006)).  The ALJ "failed to account for significant other testimony" and "selectively cited evidence concerning tasks which [the plaintiff] was capable of performing."  *Id.* at 100; *see also Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).  The Fourth Circuit concluded that the ALJ "'improperly increased [the claimant's] burden of proof' by effectively requiring her subjective descriptions of her symptoms to be supported by objective medical evidence."  *Arakas*, 983 F.3d at 96 (quoting *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017)).

But here, contrary to Plaintiff's assertion and to the facts in *Arakas*, the ALJ did not require Plaintiff to "produce objective evidence of the extent and degree of pain suffered."  ECF 18-1, at 8.  As noted above, the ALJ properly determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms."  Tr. 21.  The ALJ went on to evaluate Plaintiff's symptoms and the extent to which they limited Plaintiff's capacity to work.  Tr. 21.  This analysis comported with both the applicable regulatory framework detailed in 20 C.F.R. § 416.929 and the requirements of *Arakas*.

The ALJ concluded that Plaintiff's pain did warrant some limitations in the RFC.  Tr. 24–

25 ("[T]he evidence of pain and reduced range of motion in the knees and lumbar spine, shortness of breath from asthma, and occasional pain in the abdomen during diverticulitis exacerbations . . . support both further environmental and postural limitations [than the State agency consultants found]."). The ALJ discredited the extent of the limiting effects of Plaintiff's pain because Plaintiff's statements about her pain "are inconsistent [with her] admitted daily activities and abilities" documented in the hearing testimony and throughout medical record. Tr. 21. This conclusion was not based on a lack of objective evidence. Rather, the ALJ weighed Plaintiff's subjective complaints against the other evidence in the record pertaining to Plaintiff's pain-causing impairments, which remains permissible under *Arakas*. *See* Tr. 21.

Plaintiff suggests, but does not fully argue, that the ALJ improperly failed to consider Dr. Holt's, Plaintiff's treating physician's, medical opinion. ECF 18-1, at 9 ("Thus, based on an analysis that did not figure in [Plaintiff's] testimony of reduced capacity due to pain or Dr. Holt's functional assessment, the ALJ concluded that [Plaintiff] was capable of lifting up to 40 pounds and standing and/or walking for six hours out of an eight-hour day."), *id.* ("The ALJ discounted Dr. Holt's well-supported opinion . . . ."). However, the regulations only require that, for cases filed after March 27, 2017, the ALJ "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's case record" using certain enumerated factors including the consistency and supportability of the opinion. 20 C.F.R. § 416.920c(b); *see also* 20 C.F.R. § 416.920c(c). The ALJ is not required to adopt a treating physician's medical opinion. Here, the ALJ afforded Dr. Holt's medical opinion "limited persuasive value" and adequately explained the basis for this conclusion in accordance with the regulations. Plaintiff does not argue otherwise.

In sum, the ALJ properly balanced Plaintiff's subjective complaints of pain with the objective medical evidence and Plaintiff's activities of daily living while formulating Plaintiff's RFC. Thus, I find that the decision is supported by substantial evidence, and the ALJ did not run afoul of *Arakas* or 20 C.F.R. § 416.929(c).

### V.  CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 18, is DENIED, Plaintiff's alternative motion for remand, ECF 17, is DENIED, and Defendant's motion for summary judgment, ECF 20, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge